**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONALD MARKGRAFF,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

CASE NO. 2:17-cv-10511

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff Donald Markgraff's Objection to the Magistrate Judge's Report & Recommendation ("R&R"). (Doc. No. 15). Magistrate Judge R. Steven Whalen considered the parties' cross motions for summary judgment and, on January 22, 2017, entered an R&R. (Doc. No. 14). In the R&R, Magistrate Judge Whalen recommended that the Court grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment. For the reasons that follow, the Court **ADOPTS** the R&R, **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 14), **GRANTS** the Commissioner's Motion for Summary Judgment, and **DENIES** Plaintiff's Objection.

## I. STATEMENT OF FACTS

As the parties have not objected to the R&R's summary of the facts and procedural history, the Court adopts that portion of the R&R. (See Doc. 20, pp. 1-17).

## II. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's R&R

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the

magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B. Standard of Review Applicable to Social Security Cases

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

## III. ANALYSIS

Plaintiff contends that the decision of the ALJ is not supported by substantial evidence, and the record contains multiple findings and evidence that support his subjective complaints. Further, Plaintiff argues that the R&R excuses the ALJ's failure to properly analyze the medical information and determine that Plaintiff meets or equals Listing 1.04. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.04 (Disorders of the Spine). Notably, a claimant "who meets the requirements of a Listed Impairment will be deemed conclusively disabled [ ] and entitled to benefits." Reynolds v. Comm'r of Soc. Sec., 424 Fed. Appx. 411, 414, 2011 WL 1228165, *2 (6th Cir. April 1, 20100).

Plaintiff's Objection includes arguments drawn almost in their entirety from his motion for summary judgment. They merely rehash the same arguments presented to the Magistrate Judge. The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation. See, e.g., Owens v. Comm'r of Soc. Sec., No 1:12-47, 2013 U.S. Dist. LEXIS 44411 (W.D. Mich. Mar. 28, 2013) ("Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge. This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations."); Funderburg v. Comm'r of Soc. Sec., No. 15-10068, 2016 WL 1104466 at *1 (E.D. Mich. Mar. 22, 2106). Davis v. Caruso, No. 07-10115, 2008 U.S. Dist. LEXIS 13713, at *5 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where Plaintiff "merely rehash[ed] his arguments" made before the Magistrate Judge).

4

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, **GRANTS** the Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Date: January 31, 2018                     s/Marianne O. Battani
                                           MARIANNE O. BATTANI
                                           United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 31, 2018.

                                           s/ Kay Doaks
                                           Case Manager